UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62828-STRAUSS

**LYNN STASIO,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court upon Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law ("Motion") [DE 36], filed on January 25, 2021. I have reviewed the Motion, the Response [DE 38] and Reply [DE 46] thereto, all other summary judgment materials, and all other pertinent portions of the record. For the reasons discussed herein, the Motion [DE 36] will be **DENIED**.

## BACKGROUND

In this case, Plaintiff brings a single claim for negligence against the United States pursuant to the Federal Tort Claims Act ("FTCA"). On November 20, 2017, United States Postal Service ("USPS") employee Roger Copeland ("Copeland") delivered a package to Plaintiff's house in Davie, Florida. Defendant's Statement of Material Facts in Support of Motion for Summary Judgment [DE 37] ("DEF Stmt.") ¶¶ 1-3 (undisputed). Plaintiff alleges that Copeland negligently placed the package by her front door, causing her to trip and fall over the package and sustain injuries as a result.

When Copeland delivered the package, he placed it by Plaintiff's front double door. *See id.* ¶ 4; Plaintiff's Statement of Material Facts in Opposition to Defendant's Motion for Summary

Judgment [DE 39] ("PL Stmt.") ¶ 4. *See also* Plaintiff's Exhibit H – OneDrive Hyperlink to Incident Fall Video [DE 39-8] ("Video"). Copeland placed the package (a box) flat on the ground. PL Stmt. ¶ 62 (undisputed). Based upon the Video, which the Court has reviewed, the package appears to be placed by the left door (the door on the left when outside) – the primary door that opens out (or at least the door that Plaintiff opened in the Video). The Video shows the door opening over the package. However, the exact dimensions of the package, which has been discarded, are unknown. *See* DEF Stmt. ¶ 18 (undisputed).

After placing the package by Plaintiff's door, Copeland rang the doorbell. *Id.* ¶ 9 (undisputed). Upon hearing the doorbell ring, Plaintiff went to open her door. *Id.* ¶ 11 (undisputed). When she opened the door, she did not see anyone standing by the door, but she saw Copeland (presumably from a distance). *Id.* ¶¶ 12-13 (undisputed). Plaintiff proceeded to step down from her house on to her porch, but when she did, she stepped on the far edge of the package, and tripped and fell. *See* Video. *See also* DEF Stmt. ¶¶ 14-15; PL Stmt. ¶¶ 14-15. The Video shows Plaintiff stepping out of her house within a second or two of opening the door. Needless to say, Plaintiff did not see the package, which was either a cardboard or beige-like color, before stepping down. *See* DEF Stmt. ¶¶ 16, 19; PL Stmt. ¶¶ 16, 19. She did not see the package until after she fell. *See* DEF Stmt. ¶ 21 (undisputed).

## **LEGAL STANDARD**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) (citing *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996)).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (internal quotation marks omitted) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, it is the moving party's "burden to demonstrate the basis for its motion, and [it] must identify the portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The movant may meet this burden by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.* (citing *Celotex*, 477 U.S. at 322-23). *See also Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (The movant may satisfy its burden "by 'showing' or 'pointing out' to the Court that there is an absence of evidence to support the non-moving party's case." (citing *Celotex*, 477 U.S. at 325)). Provided that the moving party meets its burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Hornsby-Culpepper*, 906 F.3d at 1311-12.

To establish a dispute of fact sufficient to avoid the entry of summary judgment, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *A.L. ex rel. D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing *Anderson*, 477 U.S. 242). Nevertheless, courts "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117

F.3d 1278, 1285 (11th Cir. 1997) (citation omitted).  Moreover, all reasonable doubts regarding the facts must be resolved in favor of the non-moving party.  *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation omitted).

## **ANALYSIS**

"The FTCA waives the United States' sovereign immunity from suit in federal courts for its employees' negligence." *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 (11th Cir. 2020) (citing 28 U.S.C. § 1346(b)).  That waiver applies "to tort claims arising out of activities of [USPS]." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 409(c)).  Congress has carved out exceptions to the waiver under the FTCA.  *Foster Logging*, 973 F.3d at 1157.  However, those exceptions are not at issue here.

Both parties correctly apply Florida law to Plaintiff's negligence claim in this case.  *See Creekmore v. United States*, 905 F.2d 1508, 1510 (11th Cir. 1990) ("The [FTCA] requires us to apply state law to determine the substantive liability of the United States."); *O'Donnell v. United States*, 736 F. App'x 828, 831 (11th Cir. 2018) ("The substantive law of Florida determines the liability of the United States under the FTCA because the incident in question occurred in Broward County, Florida.").  Under Florida law, a plaintiff must establish the following elements to prevail on a negligence claim:

> 1. A duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
>
> 2. A failure on the defendant's part to conform to the standard required: a breach of the duty. . . .
>
> 3. A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause," or "proximate cause," and which includes the notion of cause in fact.
>
> 4. Actual loss or damage. . . .

*O'Donnell*, 736 F. App'x at 831 (quoting *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010)). Here, the elements of duty and proximate cause are at issue.[1]

## I. DUTY

Defendant owed a duty to Plaintiff because Copeland's conduct created a general, foreseeable zone of risk. "Florida law recognizes the following four sources of duty: (1) statutes or regulations; (2) common law interpretations of those statutes or regulations; (3) other sources in the common law; and (4) the general facts of the case." *Limones v. Sch. Dist. of Lee Cnty.*, 161 So. 3d 384, 389 (Fla. 2015) (citing *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 n.2 (Fla. 1992)). *See also Dorsey v. Reider*, 139 So. 3d 860, 863 (Fla. 2014) ("We recognized in *McCain* that the duty of care arises from four potential sources: (1) legislative enactments or administrative regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a *duty arising from the general facts of the case*."). "When the source of the duty falls within the first three sources, the factual inquiry necessary to establish a duty is limited." *Limones*, 161 So. 3d at 389. "The court must simply determine whether a statute, regulation, or the common law imposes a duty of care upon the defendant." *Id.* "Even when the duty is rooted in the fourth prong, factual inquiry into the existence of a duty is limited to whether the defendant's conduct *foreseeably* created a broader *zone of risk* that poses a *general* threat of harm to others." *Id.* at 389 n.4 (citing *McCain*, 593 So. 2d at 502) (emphasis added) (internal quotation marks omitted). *See also Chirillo v. Granicz*, 199 So. 3d 246, 250 (Fla. 2016) ("[T]he requirement of determining a foreseeable zone of risk relate[s] to the last category—cases in which a duty arises

---

[1] With respect to the issue of duty, Defendant argues that "[t]here is no legal duty owed to Plaintiff and, thus, no breach of that duty." Motion at p. 4. However, Defendant does not separately argue that a breach did not occur if a duty existed.

from the general facts of the case."). "This requirement is a 'minimal threshold *legal* requirement for opening the courthouse doors.'" *Dorsey*, 139 So. 3d at 863 (quoting *McCain*, 593 So. 2d at 502) (emphasis in original).

Whether a duty exists is a legal issue for the Court to resolve. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing *Williams v. Davis*, 974 So. 2d 1052, 1057 n. 2 (Fla. 2007)). *See also Chirillo*, 199 So. 3d at 248 ("The determination of duty, as an element of negligence, is a question of law." (citing *McCain*, 593 So. 2d at 502)). Although the fourth duty source entails consideration of some general facts of the case, "it does so only to determine whether a general, foreseeable zone of risk was created, without delving into the specific injury that occurred or whether such injury was foreseeable." *Chirillo*, 199 So. 3d at 249 (citing *McCain*, 593 So. 2d at 502 n.1, 504). The Florida Supreme Court has explained that:

> The statute books and case law, in other words, are not required to catalog and expressly proscribe every conceivable risk in order for it to give rise to a duty of care. Rather, each defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result. This requirement of reasonable, general foresight is the core of the duty element. For the same reasons, duty exists as a matter of law and is not a factual question for the jury to decide: Duty is the standard of conduct given to the jury for gauging the defendant's factual conduct. As a corollary, the trial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant.

*Dorsey*, 139 So. 3d at 863 (quoting *McCain*, 593 So. 2d at 503). Ultimately, "where a person's conduct is such that it creates a 'foreseeable zone of risk' posing a general threat of harm to others, a legal duty will ordinarily be recognized to ensure that the underlying threatening conduct is carried out reasonably." *Williams*, 974 So. 2d at 1056 (citing *McCain*, 593 So. 2d at 502-03).

While Defendant argues that no duty exists under any of the four duty sources, Plaintiff argues that a duty exists for two reasons. First, she argues that a duty exists under the general facts of the case. *See* Response at p. 8 ("A duty arises from Mr. Copeland's creation of a foreseeable

zone of risk of harm."). Second, she argues that "USPS's policies, practices, and procedures create a legal duty." *Id.* at p. 9. Contrary to Plaintiff's second contention, USPS's policies, practices, and procedures do not "create" a duty. Instead, as the authority cited by Plaintiff describes, such policies *may be* relevant, but "a party's internal rule does not itself fix the legal standard of care in a negligence action." *Mayo v. Publix Super Markets, Inc.*, 686 So. 2d 801, 802 (Fla. 4th DCA 1997). Nevertheless, Plaintiff's first argument is correct that a duty exists under the general facts of the case.

Here, it is foreseeable that Copeland's conduct – specifically his placement of the package – created a general threat of harm to someone exiting Plaintiff's house. Copeland's supervisor, Ann Nee Kennedy ("Kennedy"), perhaps put it best when she testified at her deposition that "it's just common sense not to place the package in front of the door . . . so you don't break the box or you don't fall." [DE 39-3] at p. 25. To be clear, the foregoing testimony is irrelevant to determining whether a duty existed as a matter of law (and, thus, the Court does not rely on it to determine this legal issue). Nevertheless, the Court echoes Kennedy's sentiment, at least under the general facts of this case. After all, it is common sense that if you put an obstacle immediately in front of the door to a house, that is larger than an envelope but small enough that the door will open over it, someone exiting the house who does not see it will likely step on it and could certainly trip as a result.[2] It is not uncommon for people to look ahead, not down, when exiting their houses (especially when the doorbell rings and nobody is there).[3] Accordingly, Copeland's conduct more

---

[2] *Cf. Kuehne v. United Parcel Serv., Inc.*, 868 N.E.2d 870, 876 (Ind. Ct. App. 2007) ("[T]he Kuehnes are simply maintaining that a package delivered by a UPS driver should not be placed squarely in front of a door where home and business owners could easily trip over it. In our view, such a contention represents a common sense approach to a delivery process that bears no overreaching consequences.").

[3] Whether Plaintiff not looking down rendered Plaintiff negligent in any manner is an issue for another day.

likely than not created a foreseeable zone of risk.  Therefore, a duty exists under the general facts of the case.[4]

## II.     PROXIMATE CAUSE

Because reasonable minds could differ as to whether the facts establish proximate cause, the issue of proximate cause must be resolved at trial.  "[P]roximate cause asks 'whether and to what extent the defendant's conduct *foreseeably and substantially* caused the specific injury that actually occurred.'"  *Chirillo*, 199 So. 3d at 249 (quoting *McCain*, 593 So. 2d at 502) (emphasis added).[5]  It entails "a fact-specific assessment by the jury to determine whether the exact injury is likely to recur if the defendant's same conduct is repeated in a similar context."  *Id.* (citing *McCain*, 593 So. 2d at 503).  "[H]arm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission

---

[4] In arguing that no duty existed, Defendant primarily relies on three non-binding cases.  One of those cases was decided by a district court in this circuit (in Georgia).  *See Kenney v. United States*, No. 3:16-CV-27-TCB, 2017 WL 2909420 (N.D. Ga. May 2, 2017).  *Kenney*, however, is distinguishable.  First, although the details regarding where the package was placed in relation to the door in *Kenney* are not entirely clear, it does appear that the package was placed further away from the door in *Kenney* than the door in this case.  *See Kenney*, 2017 WL 2909420, at *1 (noting the package was "left on a step between the door casing and the porch").  Additionally, while the court in *Kenney* found that no duty existed, its decision appears to hinge in greater part on the absence of proximate cause.  *See id.* at *2-3.  But unlike in Georgia, where a "plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed," O.C.G.A. § 51-12-33(g), in Florida, "contributory fault chargeable to [a plaintiff in a negligence action] diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, *but does not bar recovery*."  § 768.81, Fla. Stat. (emphasis added).  Notably, to whatever extent that Plaintiff was negligent (if at all) by not looking down, the plaintiff in *Kenney* was clearly negligent by a greater degree.  *See Kenney*, 2017 WL 2909420, at *1 (noting that the plaintiff "stepped backward" and tripped).

[5] As noted above, foreseeability is also relevant to duty.  However, in the context of proximate cause, the foreseeability inquiry is narrower.  It "is concerned with the specific, narrow factual details of the case, not with the broader zone of risk the defendant created."  *O'Donnell*, 736 F. App'x at 833 (quoting *McCain*, 593 So. 2d at 503).

in question." *McCain*, 593 So. 2d at 503. However, "an injury caused by a freakish and improbable chain of events would not be 'proximate' precisely because it is unquestionably unforeseeable." *Id.* "The law does not impose liability for freak injuries that were utterly unpredictable in light of common human experience." *Id.* Nevertheless, "the law does not require an act to be the exclusive or even the primary cause of an injury in order for that act to be considered the proximate cause of the injury: rather, it need only be a substantial cause of the injury." *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So. 3d 977, 982 (Fla. 2018).

"Unlike in the 'duty' context, the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve." *McCain*, 593 So. 2d at 504. "If reasonable persons can disagree as to whether the facts establish proximate cause, summary judgment is not proper and the issue is for the [fact-finder] to decide." *Chirillo*, 199 So. 3d at 253 (citing *McCain*, 593 So. 2d at 504). *See also O'Donnell*, 736 F. App'x at 833-34 (finding that reasonable people could differ regarding whether the facts established proximate cause and, therefore, reversing the entry of summary judgment).

Here, the material facts are largely, if not completely, undisputed. There are some minor discrepancies regarding the degree of light (porch lights were on, but it may have been dark outside), the color of the package, and the ability to see through Plaintiff's door. *See* DEF Stmt. ¶¶ 19, 24, 28; PL Stmt. ¶¶ 19, 24, 28, 60, 63, 84; Defendant's Response to Plaintiff's Additional Facts [DE 45] ¶¶ 60, 63, 84. Nonetheless, even assuming these discrepancies are immaterial, reasonable minds could still differ regarding whether Plaintiff was negligent and, if so, whether her actions were the sole proximate cause of her injury. Therefore, summary judgment is improper.

## **CONCLUSION**

For the reasons discussed above, it is **ORDERED** and **ADJUDGED** that the Motion [DE 36] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of March 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge